UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LEWIS BELL, SR.,

                                Plaintiff,

      -against-                                                    9:10-cv-01577 (LEK/TWD)[1]

DR. SOHAIL A. GILLANI; J. THOMAS,
Therapist; J. WALDRON, Unit Chief;
OFFICE OF MENTAL HEALTH; PAUL
DAUGHERTY; JASON BEAN; LYDIA
BRENNAN; JOHN DOE, Psychiatrist; and
DONALD SAWYER,

                                Defendants.

**DECISION and ORDER**

      This matter comes before the Court following a Report-Recommendation filed on February 9, 2012, by the Honorable George H. Lowe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York. Dkt. No. 65 ("Report-Rec."). The Clerk has sent the entire file to the undersigned, including the Objections by Plaintiff Lewis Bell, Sr. ("Plaintiff"), which were filed on March 12, 2012. Dkt. No. 73 ("Objections").

      The Court is to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews

---

[1] This case was reassigned to the Honorable Therese Wiley Dancks, United States Magistrate Judge, by Decision and Order of Chief Judge Gary L. Sharpe dated February 10, 2012. Dkt. No. 66.

the Report and Recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997).

A review of the Objections shows that they consist almost entirely of reiterations of Plaintiff's original allegations in his Complaint. Compare Obj. at 2-5 with Second Amended Complaint (Dkt. No. 31) at 6-14. The Court has therefore reviewed these portions of Judge Lowe's Report-Recommendation for clear error, and finds none.

Plaintiff also appears to seek clarification as to what steps he is required to take at this juncture. See Obj.; Dkt. Nos. 70, 71. First, Plaintiff is advised that his Second Amended Complaint may proceed against Defendants Sohail Gillani, J. Thomas, Paul Daugherty, Jason Bean, and Lydia Brennan. Second, Plaintiff is permitted to submit an amended complaint against Defendants J. Waldron ("Waldron") and Donald Sawyer ("Sawyer"), but he is cautioned that any such amended complaint will also be dismissed against Defendants Waldron and Sawyer if he does not allege more facts to support a showing that they: (1) directly participated in the alleged violation(s); (2) failed to remedy the violation(s) after learning of the violation(s) through a report or appeal; (3) created, or allowed to continue, a policy or custom under which the violation(s) occurred; (4) were grossly negligent in managing subordinates who caused the violation(s); or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation(s) was or were occurring. Report-Rec. at 9-10 (citing Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)). Third, Plaintiff may submit an amended complaint against Defendant Office of Mental Health ("OMH"), but that too will be dismissed if he cannot allege facts plausibly suggesting that he

2

was "excluded from participation in or denied the benefits of" OMH's "services, programs or activities or was otherwise discriminated against" by OMH on the basis of his disability. Report-Rec. at 19 (quoting Goonewardena v. N.Y., 475 F. Supp. 2d 310, 324 (S.D.N.Y. 2007)). Fourth, Plaintiff may not submit an amended complaint that seeks money damages against Defendant OMH or Defendant Sawyer in his official capacity. Report-Rec. at 16-18. Fifth, Plaintiff may not submit an amended complaint that alleges violations of the Americans with Disabilities Act ("ADA") against Defendants Gillani, Thomas, Waldron, Daugherty, Bean, Brennan, or Sawyer in their individual capacities. Id. at 18. Finally, Plaintiff must identify and serve Defendant John Doe within sixty days of the date of this Decision and Order.

Upon review of the record, the Court concludes that the Report-Recommendation should be approved and adopted for the reasons stated therein.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 65) is **APPROVED** and **ADOPTED** in its **ENTIRETY;** and it is further

**ORDERED**, that Defendants' Motion to dismiss for failure to state a claim (Dkt. No. 47) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED**, that Defendants Gillani, Thomas, Daugherty, Bean, and Brennan submit an answer to Plaintiff's Eighth Amendment claims; and it is further

**ORDERED**, that Plaintiff's Eighth Amendment claims against Defendants Waldron and Sawyer are **DISMISSED with leave to amend**; and it is further

**ORDERED**, that Plaintiff's ADA claims against Defendant Office of Mental Health ("OMH") and Defendant Sawyer are **DISMISSED with leave to amend**; and it is further

**ORDERED**, that Plaintiff's ADA claims against Defendants Gillani, Thomas, Waldron, Daugherty, Bean, Brennan and Sawyer in their individual capacities are **DISMISSED without leave to amend**; and it is further

**ORDERED**, that Plaintiff's § 1983 claims for money damages against Defendant OMH and Defendant Sawyer in his official capacity are **DISMISSED without leave to amend**; and it is further

**ORDERED**, that Plaintiff identify and serve Defendant John Doe within **sixty (60) days** of the date of this Decision and Order; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     March 27, 2012
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge