UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LEWIS BELL, SR.,

                Plaintiff,

      -against-                          9:10-CV-1577 (LEK/TWD)

DR. SOHAIL A. GILLANI; J. THOMAS;
PAUL DAUGHERTY; JASON BEAN;
LYDIA BRENNAN; and JOHN DOE,

                Defendants.

## ORDER

This matter comes before the Court following a Report-Recommendation filed on August 30, 2013, by the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3(d). Dkt. No. 116 ("Report-Recommendation"). *Pro se* Plaintiff Lewis Bell, Sr., brought Eighth Amendment deliberate indifference claims arising out of his mental healthcare providers' alteration of his psychiatric medication regimen, an alteration Plaintiff alleges led to his suicide attempt. See generally Report-Rec.; Dkt. No. 31 ("Complaint"). Judge Dancks recommends that Defendants' Motion for summary judgment be granted because Plaintiff's providers explained the medical basis for their treatment decisions and Plaintiff offered insufficient evidence to support his contention that those decisions were based on factors unrelated to his medical needs. See Report-Rec. at 19-20; Dkt. No. 102 ("Motion"). Plaintiff has filed Objections to the Report-Recommendation, arguing that "[t]he discontinued or substituted medication caused the suicide attempt because the . . . medication substituted or discontinued was equal to no medication as set forth in . . . [P]laintiff's Declaration in Opposition to Defendants' Motion for Summary Judgment." Dkt. No. 117 ("Objections").

A district court must review *de novo* any objected-to portions of a magistrate judge's report-recommendation or specific proposed findings or recommendations therein and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b); see also Morris v. Local 804, Int'l Bhd. of Teamsters, 167 F. App'x 230, 232 (2d Cir. 2006); Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011); Barnes, 2013 WL 1121353, at *1; Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument.").

Here, Plaintiff's Objections are entirely conclusory and merely reference and reiterate arguments and evidence that were before Judge Dancks. The Court therefore reviews the Report-Recommendation for clear error. After a thorough review of the Report-Recommendation and the record, the Court has determined that the Report-Recommendation is not clearly erroneous or manifestly unjust.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 116) is **APPROVED** and **ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 102) for summary judgment is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court enter judgment for Defendants; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon the parties to this action.

**IT IS SO ORDERED**.

DATED: September 19, 2013
Albany, New York

Lawrence E. Kahn
U.S. District Judge